Would the clerk call the first case, please? 3-14-09-31 Township of Lockport Utility Board and Township of Lockport Appellants by Carl Luck v. Aqua Service Management Company, Appellee by Corey Anderson. Mr. Luck? Good morning. Thank you. Your honor, members of the court, Mr. Anderson, may it please the court, good morning. I've had the privilege of being the last case on your docket, and now I have the privilege of being the first case on your docket. Good morning. My name is Carl Buck, and I represent the Township of Lockport Utility Board and the Township of Lockport. In this case, there was a contract that was at issue, and this appeal arises out of a dispute resulting in the termination of that contract and the rights of the parties following that. The issues that are raised are whether or not the trial court properly denied summary judgment on specific issues, following an award of an arbitration, a binding arbitration, whether that award is clearly erroneous on its face, and lastly, whether the trial court improperly denied a motion to modify the arbitration award or the judgment on the arbitration award based on the This case involves the Township of Lockport Utility Board, and by way of background, the Township of Lockport Utility Board, and for the purposes of the argument, I'm going to refer to it as the utility board, the utility board is an entity formed under the township code by the township. So the township at issue is Lockport Township, which is located just northwest of Joliet, and that township created a utility board. The purpose of the utility board under the township code, township code gives a township the ability to own, manage, and operate a water and sewer system. If a township chooses to, it can create an entity called a utility board, and it can then delegate to the utility board the rights, duties, and responsibilities that the township had under the township code to the utility board. In Lockport, that's exactly what they did. They created a utility board for the purpose of managing, operating, and supervising the services of its water and sewer system. So that's the posture of the utility board. It is formed by the township, it is a separate and distinct entity, and under the township code it has the rights, duties, and responsibilities that the township has for the purposes of maintaining its water and sewer system. This case began in 1995. There was a contract that was entered into in December of 1995 with Aqua Management Service Company. Aqua Management Service Company is an entity that manages water and sewer systems. The contract was entered into by the then utility board president, who was Patricia Hartley. She was in the process of serving a term that did not extend beyond 1997. The contract at issue had an initial term of ten years. It then had five year renewal options. The contract was entered into in 1995. The purpose of the contract was for Aqua to manage the water and sewer system. Through the period of the contract, disputes arose between the utility board and Aqua with respect to servicing the system, going out and doing meter readings, collecting money, and improving the system. In 2000, those disputes came to a head and there were letters sent back and forth, a period of time where the utility board asserted that Aqua was not properly managing the water system, that it was not properly collecting, it wasn't properly reading, there wasn't enough income that was being brought in by Aqua in order to improve the system. That was a dispute that arose based on the performance of the contract. Aqua contended, no, we are trying to manage the system, we are trying to do what we say we're supposed to do, but you haven't lived up to your rights and responsibilities and duties under the contract and because you, utility board, haven't done what you're supposed to do, we can't do what we are supposed to do. That came to a head when the utility board filed a complaint to declare that Aqua had in fact abandoned the contract. After that complaint was filed, that was a complaint for declaratory judgment, after that complaint was filed, there was actually a notice that was sent in October of 2000 to Aqua outlining all of the defects to their performance. Aqua responded to that saying, again, no, those problems are problems that you created, not problems that we created, we're not going to fix those problems because we don't have an obligation to fix those problems. There was then a meeting that was held by the utility board in November and a resolution was passed declaring the contract terminated. The leader of Aqua, the president, Mr. David Olzak, was president at that meeting and the minutes from the meeting reflect that after some discussion and his objection to the complaints by the utility board, he stated that the water system was now the utility board's and left the meeting. One of the issues that arose with respect to this dispute between the parties, which highlights some of the discord, was that there was a fax sent by Aqua to the utility board that had in its fax identification line at the top, I hate you 666, and that was sent to the then president of the utility board, who was Judy Badzich. Ms. Badzich obviously took exception to that, Mr. Olzak disclaimed any knowledge of the fax, but it highlights for the purposes of the court's understanding the nature of the dispute and the dislike of these parties. The litigation then commenced and this appeal was brought because in the course of the litigation, it's a little bit different procedurally, only because there wasn't a binding arbitration clause in the contract. After several years of litigation, two separate sets of motions for summary judgment by the parties, the parties agreed in 2012, the case was filed in 2000, the parties agreed in 2012 to submit the case to binding arbitration. In 2013, the case proceeded to binding arbitration and the arbitrators in that case issued an award. That award is part of this appeal, it's one of the subjects in this appeal, because there's a claim by the utility board, the appellant, that the award doesn't sufficiently identify one of the critical issues in the contract, which is the liability of the township. After judgment was entered on the award... Well, was that timely? I mean, they argue it wasn't timely. They argue it wasn't timely, sir, and I would suggest to you that the 90-day rule that they're speaking of doesn't apply for a couple different reasons. The first reason is that the issue regarding the liability of the township was an issue that was raised in summary judgment, and the parties' agreement to arbitrate, which was not part of the contract but a subsequent agreement, incorporated all of the pleadings, discovery, and everything else that had happened in that case, so we weren't essentially starting over at the arbitration, so that issue was preserved in that respect. The 90-day rule doesn't apply because the issue of whether or not the township was liable, there's a specific provision of the contract, directed to paragraph 17 of the contract, that says, in no uncertain terms, very clear language, no liability of the township. So the issue here is, does the utility board have the right to sue in its own name? The defendants, excuse me, ACWA said, no, you don't have that right. They asserted it as affirmative defense. We filed an amended complaint and named the township for the purposes of suing on behalf of the utility board, and now it's been turned against us to say, well, your affirmative defense said we didn't have the right to do it, so we filed on the name of the township. Now you're saying the township's liable. The 90-day rule doesn't apply because that issue, we would argue to the court, was never submitted to the arbitrators because it wasn't an issue. Was that an issue that could have been submitted to the arbitrators under the arbitration agreement? It could have been if it was part of the arbitration agreement, but it was not part of the arbitration agreement. See, because the argument is that you're attempting to revise the arbitrator's decision, right? Correct. That's true. Well, we're not trying to revise it. We're trying to understand what it means because they didn't say, for instance, they just say Lockport. The judgment says, judgment in favor of ACWA and against Lockport. It doesn't differentiate between the two entities, and there's no dispute under the pleadings that the reason that the township was named was because the defendants asserted that the utility board could not file suit in its name. They've asserted that the utility board had the right to enter into the contract, and absent from any response is what the language of the contract means in paragraph 17. But who were the parties to the arbitration? The parties to the arbitration would have been, I would suggest to you, the utility board and ACWA. The township was present because the ACWA asserted that the utility board didn't have the right to sue in its own name. It wasn't a party for the purposes of liability because under the contract, and the contract is admitted to in the pleadings, there's no dispute that the township had absolutely no liability under the contract, and that's clearly what the contract says. So if there's now an attempt to expand the contract, I guess that would be our argument. Are we trying to expand the award? We're not trying to expand the award. We're not trying to rewrite the award, but we want to know, and we want this court, to send it back to the arbitrators to say, what did you mean when you said Lockport? Did you mean utility board, or did you mean the township of Lockport? Because there's a clear provision in the contract that says the township has absolutely no liability. The arbitrators had a hearing. You had a hearing before the panel of arbitrators. That's correct. Was there any argument made during the course of that hearing about the township's lack of culpability, liability? Yes, there was. I mean, it was specifically argued it wasn't just because something had been incorporated from the court. Yes, it was. That's correct. With respect to, in terms of addressing the arguments that we raised in our appeal, the summary judgment issue related to the township's liability under the contract and the trial court's order on the motion to modify the award and the arbitrator's award, those three issues kind of go together. They're separate in our brief with respect to how they're laid out because they have different standards of review somewhat and they take place at different times. The other two issues relative to the summary judgment that we believe the trial court erred were with respect to the contract being void of an issue because of the term of the utility board members and with respect to the notice. So for the purposes of clarity, I can continue on with the issue regarding the contract language and the liability. The township can address the other two, whichever you prefer. Well, I've got another question with regard to the arbitration. The position of your opponent is that the township agreed to binding arbitration. Citing parts of the record for that proposition? I would suggest to the court that the characterization of the township's agreement to binding arbitration is because they allege that only the township could bring the suit. For instance, if the utility board were to say, we agree to binding arbitration, they would have said, well, you can't agree to binding arbitration. The township has to do it. So there's a distinction between the rights and liabilities of the parties under the contract, which says no liability for the township, and the ability of the utility board to actually bring a suit in its name. The defendant's ACWA has argued you don't have that right. So I would answer your question by saying that allegation is misconstrued  The agreement was for the purposes of proceeding to arbitration on behalf of the utility board because that's the reason that the township was part of the case. It was a party who could bring the suit. And ACWA did file counterclaims against the law court. They did. And that was the issue with respect to summary judgment was on their counterclaims. We said, wait a minute, there's a specific exclusion in the contract. You can't sue the township. The township has no liability. So if you're suing the township because it's an extrapolation of your argument that, well, because the utility board can't sue, the utility board can't be sued, therefore we have to sue the township to sue the utility board, that might be okay. That might be a legitimate argument. But that's not how it's explained. They then say, well, this provision in the contract doesn't matter, and because we have to sue the township to get to the utility board, the township now becomes liable. That's the issue. That's not what the contract says. The clear agreement of the parties wasn't that the township would ever be liable for the debts of the utility board under the provisions of this contract. And that's the dispute that we have. When you look at how this case proceeded in terms of not only the summary judgment portion of the case, then the arbitration, then the post-arbitration, that issue is central. And I think the court has hit the nail on the head. They've tried to make an argument that because you agreed to this, you are now subject to liability. When the contract says absolutely nothing to that extent. Can the contract be waived by their actions? No. Specifically, if there was going to be a waiver, I would suggest to you that there would have to be a knowing waiver. They would have to say, and we defended a denied liability and moved for summary judgment on it. So there could never be an argument under the pleadings or through the case that they've waived the right to assert that argument. The utility board has regular meetings. There's never been an allegation that the utility board wasn't properly formed or was an inappropriate body or didn't have the authority to act. Does the contract, can that be waived by the actions of the township? By the actions of the township. The township took no action, so there would be, to answer your question, there would not have been any action for the township that could have constituted a waiver. And, of course, the utility board couldn't waive a provision of the contract on behalf of the township. Although at the arbitration hearing, Lockport's attorney was present as well as representatives from the township, correct? The township utility board was present by Judy Banasich, who testified. She's the president of the utility board. Lockport didn't have its own attorney. We represented the utility board through the township for that purpose. So when they claimed that Lockport's attorney was there, it's because as the attorney for Lockport, you were representing the board. Yes, we were empowered by the township to represent the utility board and proceed with the litigation. So the board was also counsel for the township. I suppose that would be true, yes. I don't know that we ever filed a separate appearance on it. We amended the complaint and alleged that we were proceeding on behalf of the township for the purposes of prosecuting the utility board's claims. It's an affirmative defense that the defendants raised. I believe it's the fourth affirmative defense, fourth or fifth, that says under the code the utility board can't sue in its own name. So we voluntarily amended our complaint for that purpose. I mean, they attempt to make an argument also with regard to the presence of township representatives, right? Well, I think they try to make that. But again, that's a distinction that they're making without citing any basis for it. They don't say, well, we called them on behalf of the township. For instance, Judy Badesich was not called by ACWA on behalf of the township as the supervisor. We're now calling you as the supervisor. She was called on behalf of, in her position as the utility board president. So they have a dual role, some in the police department. That's correct, yes. I thought the board of the township constituted the whole board of the utility, not ACWA utility. Yeah, the utility board and the township board? Yeah. They can be the same members. That's correct. And they were in this case. They were. They were at the time that this case went to binding arbitration. I don't know if they were at the time that the contract was signed in 1995. That issue has never come up. But I don't know the answer to that. I believe my time might be up. It is. Thank you. Thank you, Mr. Anderson. Good morning. Good morning to the court, police court, council. My name is Corey Anderson. I represent active service in this case, the appellee and the defendant, counter plaintiff in the underlying litigation. The fundamental issue that was argued by counsel, even though the briefs are filled with various other arguments, is that the 90-day rule under the Illinois Arbitration Act does not apply to the findings of the arbitrators in this case. And counsel gave sort of a long-winded explanation as to why that's true. However, the reality is in this case is that it does apply. And when the parties agreed to submit this case to binding arbitration, there was a presentation and a motion made to the trial court. The terms of that motion signed by both parties said that the case is, in fact, governed by the Illinois Arbitration Act. And it references the specific provisions of the Illinois Arbitration Act that state the 20-day and respective 90-day periods for either going back to the arbitration panel within 20 days to clarify any ambiguity that may allege to exist in the award, or to go to the trial court within the 90-day timeframe for a motion to modify and or vacate the terms of the award. And the signatories were? I'm sorry? Who were the signatories? The signatories to that motion were myself and Mr. Buck. On behalf of all parties, inclusive of the township, the Township Utility Board, as well as our client, Act of Service. The case proceeded to arbitration as the arbitration award, as well as the case law contemplate. All issues that were pled were presented to the arbitrators. There was a trial before a panel of three arbitrators. Witnesses were called. Exhibits were presented. Evidence was presented. Witnesses were cross-examined. And we had closing arguments as the award states. The majority of the arbitrators ruled in our client's favor to the tune of $540-some-thousand. At that point in time, about five months later, we made, on behalf of Act of Service, a motion to confirm that award. In the interim period, no motions were made, no motions to clarify the award with the arbitration panel were made, and no motion with the trial court was made to vacate or modify the award within the required 90 days. So neither side made that motion? Neither side made a motion to modify it or vacate it. We made a motion to confirm it after the expiration of the 90-day window. But no one attempted to clarify, modify, or revise? Correct. That's correct. Neither side. Because, obviously, from our perspective, the award is very clear. Council also spoke to issues of to whom does the award apply. Well, in this case, as is clear from the record, claims were made against both the Township of Blackport Utility Board as well as the Township. And that's true for a couple of reasons. One is it's required, as the brief state, that the township be a party to any litigation. The board itself cannot maintain litigation either as a plaintiff or as a defendant on its own. So early in the case, the township was made a party. Our client, Act of Service, pled claims. There were three claims. There was a breach of contract claim, there was a conversion claim, and there was a fraud in the inducement claim. All three of those claims were pled against both the Township of Blackport Utility Board as well as the Township. The arbitrators consider all evidence presented, and they came to a conclusion on all counts pled and all claims pled. There were also affirmative defenses that were submitted by our client with regard to ratification, the waiver issue that I think Your Honor touched on previously, as well as an estoppel argument due to the fact that the parties had performed under the contract for about five years before the township filed suit in an attempt to declare the contract void. That was addressed at summary judgment. Both parties made cross motions for summary judgment, and those motions were denied by the trial court. We then obviously proceeded to arbitration. At that time, all matters were submitted to the arbitration panel. They were considered, and a finding was rendered. Again, the 90-day window obviously does apply. The Owner Arbitration Act is very clear, as well as the case law that came out of this district and others, that if you don't make any kind of a motion within the 90-day requisite time frame, you are bound by that finding. And that is the case here. One other matter, too, that I think, Your Honor, I think you raised the issue of is there a distinction between the township of Lockport Utility Board and or the township itself. And the answer to that question is no. As we've stated in our briefs, there is no difference. The board union is the same members. It's the same members. And we've also submitted, when the trial court considered the township's motion to modify the final judgment order in this case, we submitted documents which are part of the record that established that the township financials contain a reference in which counsel to the township says there is no distinction between the two. So you can't have one argument on one hand saying this is only an act of the utility board, therefore the township is not bound, while at the same time make a statement in public financial reporting that there is no distinction between the two entities at all because they're the same. How do you distinguish between this situation and a city's park board? Somebody gets hurt arguing for us. How do I distinguish between the two? Yeah. I'm not sure how to answer. You're going to sue the park board. As far as the park board goes, I'm not sure. But what I do know that in this case the township code does state that in order to maintain litigation, the township must be a party. The board cannot sue on its own. Our client also pled claims against both the township and the utility board, which it prevailed on. And, again, in the documents in the record and also council's representations within financial reporting, there is no distinction between the two. And that goes back to also the procedural aspect of this. After the 90-day period had passed, our client filed their motion to confirm the award, which was granted. The final judgment was entered. The township then at that point, which is months and months later, decided that they didn't like the terms of the final order because the final order was simply a confirmation of the arbitrator's finding against both the township utility board as well as the township of Lockport. They then made their motion to simply modify the final judgment to reflect that the final judgment should be only against the utility board, and at that point pointing to terms of the underlying contract. The problem with that is that at that point the township was asking the trial court and is now asking this court to review substantive evidence or underlying information that was presented at arbitration, decided in a final arbitration award, and was never pursued within the requisite 90-day period. That's simply not allowable under the Illinois Arbitration Act or the case law that interprets that. Now the utility board was comprised of the same members as the township initially. I believe that's true. And that's prohibited by the statute. I believe that is prohibited by the statute as we've stated in our brief. So how does that legally stand then with the board if the membership was prohibited by the statute? I'm not sure how to answer that question, Your Honor, and that really is the issue because we believe it's the township's attempt somehow to limit the judgment solely to the utility board because they believe, we assume, that would then absolve the township of having any liability for some reason. What kind of budget does the utility board have? The utility board is simply an extension of the township. So as far as judgment enforcement goes, we think that they would likely be responsible for any judgment vis-a-vis the relationship with the township in any event. I mean, your argument, I guess, implies or expressly is that the utility board was just an administrative arm, a functionary of the township. Yes, I believe they are. And we don't believe there really is a distinction. As the trial court found in response to the motion to modify the final judgment, the trial court ruled that there is no distinction between the two, given the information that was presented, and also that the trial court did not have authority to act in light of the required 90-day window of time in which the township should have made a motion to vacate or modify the award based upon the arguments they present today, but they did not. So it's our position that they're bound by the award. The other point, the second point, I think, that the township has raised today is some request that the award for an arbitration does not exist be remanded back to the arbitrators to clarify this alleged ambiguity. For two reasons we think that's simply improper. First, again, if that were to be done, there is a timing mechanism to do that, which is the 20-day window. They could go directly back to the arbitrators under the Illinois  Or go to the trial court within 90 days to modify the award based on that information, and they did neither of those. So they've waived that attempt to have any kind of clarification of the award. We don't believe there needs to be clarification, but in any event, that's been waived. Secondarily, this case went to arbitration in November of 2013. There's a panel of three arbitrators. To ask them to re-review, I can say re-review, but to review evidence that was submitted in November of 2013 for the purposes of then of somehow modifying or clarifying an award, which we think is very clear, to us is patently unfair because they were then. Is that unfair to the arbitrators? I mean, I think it might be unfair to the arbitrators, Your Honor. I think you're right because. No, I'm not saying it's unfair to the arbitrators. Oh, I'm sorry. Are you saying it's unfair to the arbitrators? I'm saying it would be logistically very difficult to locate all three arbitrators, ask them to answer a specific question. However, I think more importantly. We do that all the time with trial judges. I think about it frequently and tell them to re-do something. As a trial judge, yes. These are three private individuals. And, again, I think it's very important to stress the fact that not only would it be unfair, there was a procedure for doing that. And that time has come and it's gone long ago. Why is it unfair to you? It's unfair to our client because our client has a final judgment. Our client proceeded to arbitration with the idea of finality. And there's case law that says that if you don't exercise your rights under the specific timing mechanisms of the statute, you're bound because that's the idea behind an arbitration, which is give the parties finality at that point, not, as certain case law says, begin litigation at that point. There's always the risk at that point of the arbitrators saying, okay, we'll clarify the award to make a change in this respect, which we feel is inconsistent with the prior finding, which we feel is inconsistent with the prior evidence that was submitted. So where does that leave us at that point? Do we go to the trial court for another ruling? Are we back in front of this court for further argument on the same issue? It's logistically not practical and it's also, under the law that applies, it's simply not proper. Those were the two issues, I think, that were raised today. Under the Illinois Arbitration Act, in conclusion, we do not feel that it's proper to amend, vacate, modify at all the finding of the arbitrators. They considered all of the evidence presented. They made a comprehensive finding. The finding, we feel, is very clear as to whom the finding applies. The trial court agreed with our argument in that regard, so we feel that the trial court's final judgment should be affirmed. Thank you, Mr. Anderson. Mr. Buck, any rebuttal? Yes, ma'am. Thank you. Justice Carter, getting right to one of the questions that you asked my opponent, it was about whether or not there was a distinction between the township and the utility board. When you review the record, you'll see that the evidence that was presented by ACWA when we argued the motion to clarify the award was evidence that was never presented at the arbitration hearing. This was all new evidence. I think that highlights for this court the necessity to remand it back to the arbitrators. I would disagree with my opponent that it's a difficult procedure. It's not a difficult procedure. What did you mean when you said Lockport? The contract has a very specific provision. It says no obligation of the township of Lockport. The parties hereby agree that any and all obligations of the township of Lockport Utility Board shall be those of the township Lockport Utility Board only, and the township of Lockport shall have no liability or obligation under this agreement. Why is that new? I'm sorry? You said that was new evidence. This is not new evidence. The evidence that my opponent submitted to say or suggest that the board, utility board, was improperly constituted, or that they were the same members, or that there was no distinction, that was all new evidence that was raised when we argued the motion to clarify, and it was in direct contrast to this contract provision that was submitted to the arbitrators. And we believe that the arbitration award is subject to review, and it doesn't have to be inconsistent. It doesn't have to be different. It has to say, tell us who is the responsible party here, because it was our allegation that the township of Lockport was a party to the suit solely because it had to be, because the utility board couldn't sue in its own name. They even pled it. The contract says the township has no liability. I would suggest to you what they are trying to do is expand the clear agreement of the parties, and in order to do that, they now have to take this vague order and say, well, it applies to both entities because we sued both entities, when that was not the party's agreement. We believe the trial court erred because the trial court made a finding that the arbitrators did not make. And then it went on to say, well, I shouldn't really do that, and then it went on to say, well, I think there's no distinction. But that was all on evidence that wasn't submitted to the arbitrators, and I don't think there's any dispute about that. So for the purpose of addressing that one issue alone, it would be appropriate to remand this back to the arbitrators to have them clarify who is the responsible party. Do you find that the township of Lockport is responsible, or do you find that the township of Lockport was a party because the utility board could not sue in its own name, as alleged by ACWA, and that the contract provision that specifically excludes liability from the township is enforceable? That would be the remand to the arbitrators. And that is very clear, and it's very concise, and those are three individuals that I would suggest to you are easily identifiable in the county community. So I do not think it's a very difficult process. Why didn't they hold back to the arbitrators within the 20 days? Because from the perspective of the utility board, there was no dispute about it. It was a contract provision. It never came up. Other than the ACWA asserting their claims against the utility board because the way the pleadings were presented, they had to sue the township because the utility board, not being able to sue in its name, could not be sued in its name, they sued the township for the purposes of affecting their rights against the utility board. This has never been the allegation. It's never been pledged. It's never been argued that there's actual affirmative liability on behalf of the township, and that was one of the issues that we raised in summary judgment before the trial court. But that was in the arbitrator's award. The award included liability of the township. It actually did it. It says that judgment is entered in favor of ACWA and against Lockport. It doesn't say the township. It doesn't say the utility board. So under the terms of the contract, the township would have no liability, and that's what we proceeded on. Then you can envision a collection proceeding. A citation was issued. If we really wanted to lie in the weeds, we would wait until a citation proceeding was initiated, and when they tried to collect against the township, we would assert a defense and say, no, the contract says you can't. You can only get against the utility board, and then we would be up here on appeal because there would be a ruling from the trial court on the citation proceedings, and we'd be arguing about it then. So we believe that we did proceed. The 90-day rule doesn't apply, and I would suggest to you it doesn't apply because the issue of the township's liability, them actually being a party subject to liability, was never submitted to the arbitrators. They made no decision on it. Thank you. There was a dissenting opinion in the arbitration. There was definitely a dissenting opinion in the arbitration, and you brought up another point that you asked my opponent. Did either party seek to clarify? No, they didn't seek to clarify either and say what does Lockport mean, and now they're trying to do something that the contract does not allow them to do, and that's why there is a need to have this clarified. Thank you very much for your time today. Are there any other questions I didn't mean to cut you off? Thank you very much. The dissenting opinion certainly thinks the township is involved, though, right? I think that the dissenting opinion focuses a lot on the term issue and whether or not the contract was void ab initio, understanding that the board acts through the township's authority, but in this case, the specific language of the contract, there being no liability, I read the dissenting opinion more for the issue of saying, well, no, I really think that the contract was void from the start because it exceeded the term. Well, in the first paragraph of the dissenting opinion, after reviewing the information presented as well as the case law and authority readily available, it is my strong belief that the case law holds that in the case of a township, a contract that extends beyond the term limits of the board is void ab initio, such that no damages at a minimum are to be paid for any time the relationship would have exceeded the term of the members of the utility board. I think that's in reference to the fact that the cases, there's one case that specifically addresses terms of a township. The other one is a county board, I believe. I would suggest that the language that's included in that first paragraph is relative to the case law setting out the legal precedent that a board cannot bind successive boards with professional type contracts. He refers to the contract entered by Pat Hartley, the then supervisor of the township. She was the then supervisor, yes. She was also president of the utility board and the contract was entered on behalf of the utility board, not the township. They were not a signatory. Yeah, I mean, because the question, are they really separate entities? They are separate entities. They have separate bank accounts. They have the utility board has an operating budget of about 150, 170 a year, 150,000 to 170,000 a year. It's been going up. To get at the utility board, do you have to go through the township? No. Does the township have to be sued, named a party? Well, I mean, that's the argument that they raised. I think if they cited them, and this is the real issue that we want to clarify. If the appellate court is of the opinion that no, it's not a contract that's void, no, you don't have a right to summary judgment based on notice, it is appropriate to say who's liable under the contract. And in this instance, the parties didn't contract for township liability. If they wanted to, they could have, but they didn't contract for township liability. So now they're trying to get the benefit of a bargain that was not agreed to by the parties by expanding it to say, well, even though the contract says the township has no liability, any debt of the utility board for anybody is the debt of the township. And that's not the case. And there was no evidence. I mean, is that phrase illusory because there's no difference between a board and the township legally? Well, there is a difference between them. They do operate separately. They do have budgets. They do have the ability to enter into contracts. The utility board has the power to. During the dispute, really it was the same people. The board was the same people, yes. So you got the township people, also they're the same as the board people. Not supposed to be like that, but that's the way it was. Justice Slytton asked that. I don't know if that was true the entire time. But for the purposes of argument, if we were to assume that they were the same people on those two separate boards, that would be true. But there's never been a dispute that the utility board wasn't lawfully organized, that it didn't operate independently. And one of the arguments that's raised by ACWA is that the utility board had the authority to enter into the contract. Was it lawfully exercised if people were on it that shouldn't be on it by statute? Well, I think there's case law that would say that it's almost the corporate name issue. If you're not a proper corporate name and you enter into a contract with somebody, I can't defend the contract by saying, oh, you're not really a corporation and you violated the name statute. So no, you can't do that. So I think that if the utility board entered into a contract and tried to say, well, now we're not properly constituted, therefore we don't have to follow your contract, I don't know that they could do that. I think the other party, if they performed, would have the ability to say, well, we performed, so to the extent we performed. So I don't think ACWA can come in and say, well, they're not properly constituted, therefore they're one body. Well, the argument works both ways. How the signatory to the contract was on the township, was the supervisor of that? I'd have to go back and check, and I would like to check, but I don't believe the township was the signatory. I think it was just the utility board. Thank you. Thank you very much. Have a nice day. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel of 10.